IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NDABEZINHLE MOYO<br>    Plaintiff | *<br>*|
| v. | CIVIL ACTION NO. ELH-12-1855 |
| | * |
| PRESIDENT BARACK OBAMA,<br>    Defendant | *<br>****** |

### MEMORANDUM

On June 22, 2012, Plaintiff Ndabezinhle Moyo, a resident of Alberta, Canada, filed the instant complaint. ECF No. 1. Accompanying the complaint is plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2), which shall be granted.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as " 'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought...." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P.

1

8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court has thoroughly examined the complaint and finds that it is insufficient and does not comply with federal pleading requirements. If even after affording the matter a generous construction the court cannot determine the precise nature and jurisdictional basis of the complaint, one can only imagine the difficulties which would ensue in having Defendants attempt to answer the Complaint. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512, (2002) (internal quotation marks omitted). The complaint satisfies neither requirement. Thus, the complaint will be dismissed without prejudice by separate order which follows.

/s/

June 29, 2012
Date

Ellen L. Hollander
United States District Judge